## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ROME DIVISION

| | |
|---|---|
| **CITY OF ROME, GEORGIA; HART COUNTY, GEORGIA; CITY OF CARTERSVILLE, GEORGIA; AND CITY OF TYBEE ISLAND, GEORGIA, and All Other Cities and Counties of Georgia Similarly Situated,**<br><br>**Plaintiffs,**<br><br>**AIRBNB, INC. and AIRBNB PAYMENTS, INC.,**<br><br>**Defendants.** | **CIVIL ACTION FILE NO.:**<br><br>**COMPLAINT – CLASS ACTION** |

## CLASS ACTION COMPLAINT

Come now City of Rome, Georgia; Hart County, Georgia; City of Cartersville, Georgia and City of Tybee Island, Georgia, and All Other Cities and Counties of Georgia Similarly Situated, Plaintiffs, by and through counsel, and file this their Complaint against Defendants AIRBNB, INC., and AIRBNB PAYMENTS, INC., (collectively "Defendants"), and state the following:

### I.   PARTIES

**a)   Plaintiffs**

1.

Plaintiff City of Rome, Georgia (hereafter "Rome") is a municipal corporation organized under the laws of the State of Georgia (as of 1847) and is the county seat of Floyd County.

2.

Plaintiff Hart County, Georgia (hereafter "Hart") was created in 1853 from parts of Elbert and Franklin Counties.

3.

Plaintiff City of Cartersville, Georgia (hereinafter "Cartersville") is a municipal corporation organized under the laws of the State of Georgia (as of 1850) and is the county seat of Bartow County.

4.

Plaintiff City of Tybee Island, Georgia (hereinafter "Tybee Island") is a municipal corporation organized under the laws of the State of Georgia and is an island located in Chatham County, and was once known as Savannah Beach.

**B.    Defendants**

5.

Defendants are commonly known as online travel companies and/or short-term rental companies, which market and sell or rent accommodations (including but not limited to rooms, apartments, condominiums and/or entire homes or

residences) over the internet within the State of Georgia.

6.

AIRBNB, INC. is a Delaware corporation with its principal place of business in San Francisco, California. AIRBNB, INC. may be served by and through the Georgia Secretary of State, as its statutory agent for service of process.

7.

AIRBNB PAYMENTS, INC. is a Delaware corporation with its principal place of business in San Francisco, California. AIRBNB PAYMENTS, INC. may be served through its registered agent, Corporation Service Company, 40 Technology Pkwy South, #300, Gwinnett, Norcross, GA 30092.

## II.    JURISDICTION AND VENUE

8.

All Defendants regularly transact business within and profit by reason of business within the State of Georgia, and the claims asserted herein arise from their business conducted within and relating to this State and within the cities and counties throughout the State. Defendants are thus subject to the personal jurisdiction of this Court.

9.

This Court possesses subject matter jurisdiction of the claims asserted herein

pursuant to 28 U.S.C. §1332 in that there is complete diversity of citizenship between Plaintiffs and Defendants and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs. Furthermore, this case is brought as a class action and seeks more than $5 million in damages such that jurisdiction is also proper under the 28 U.S.C. §1332(d).

10.

Venue is proper in this Court pursuant to 28 U.S.C. § 1391.

### III.    INTRODUCTION

11.

This action is one of central importance to Plaintiffs and to the integrity of the tax laws of the State of Georgia, including the applicable local ordinances at issue in this case.   This action is brought to remedy violations of state law and corresponding local ordinances enacted pursuant thereto in connection with Defendants' misconduct in their failure to collect and/or remit taxes due and owing to the named Plaintiff cities and counties and other political subdivisions of the State of Georgia similarly situated.   Defendants have failed and refused to comply with transient occupancy and/or excise taxes enacted by the Plaintiffs and the Plaintiff Class.   Plaintiffs seek relief from the Defendants' direct and intentional violations and evasions of taxes due upon the short-term rental accommodations the

Defendants list and sell.

## IV.    COMMON ALLEGATIONS

### 12.

Defendants are online travel companies (hereinafter sometimes referred to collectively as "Short Term Rental Companies" or Online Travel Agencies (hereafter, STRCs).   Generally, STRCs act as online sellers of short-term rental accommodations in premises owned by others (the "Hosts") offered worldwide, nationwide, and within the State of Georgia to consumers for a profit. The STRCs provide various services in each rental transaction including, *inter alia*, collecting the price paid by the renter in consideration for occupation of the rental premises.

### 13.

As described by Defendant Airbnb, Inc: "The Airbnb Platform is an online marketplace that enables registered users ("**Members**") and certain third parties who offer services (Members and third parties who offer services are "**Hosts**" and the services they offer are "**Host Services**") to publish such Host Services on the Airbnb Platform ("**Listings**") and to communicate and transact directly with Members that are seeking to book such Host Services (Members using Host Services are "**Guests**"). Host Services may include the offering of vacation or other properties for use ("**Accommodations**"),  . . . ." Airbnb, Inc. "Terms of Service" §1.1

(emphasis as in original).

14.

Under the Defendants' business plan, the owners of the rental premises (the "Hosts") set a price for the rental accommodation (the "Listing Fee") together with any additional charges such as cleaning fees, security deposits and applicable taxes (collectively the "Total Fees"), which are agreed to be posted on the Defendants' web sites.

15.

Under Airbnb, Inc.'s agreement with its Hosts, the Hosts must also contract with Defendant Airbnb Payments, Inc., which actually collects and disburses the payments among the entities involved in the online rental transactions.

16.

To obtain a profit from this general business model, the Defendants charge both the Host and the rental consumer (the "Guest") a "Service Fee" for each transaction. In order to occupy the rental accommodation, the Guests must agree to pay the total price posted on the Airbnb website platform, which includes the Total Fees and Airbnb's fees to the Guest.

17.

For each rental transaction, Defendants are the sole interface between the Host

and Guest and bill and collect all monies paid by the Guest for the short-term rental. The Defendants then distribute a portion of the rental proceeds to the Host and retain the rest of the price paid by the Guest: "Your [the Host's] Payout for a booking will be the Listing Fee less applicable Host Fees **and Taxes.**" Airbnb Payments, Inc. "Payment Terms of Service" §7.2.3 (bold emphasis added).

18.

The   rooms, lodgings and/or accommodations marketed and sold by Defendants in Georgia (if occupied by the consumer for less than thirty (30) days of continuous occupancy) are "accommodations" subject to the taxation provisions of O.C.G.A. § 48-13-51, *et. seq.* and the local ordinances of Plaintiffs and the Plaintiff Class enacted pursuant thereto.

### ***Occupancy Taxes***

19.

Counties and cities in Georgia may impose excise taxes on the short-term rental of rooms, lodgings or accommodations in their jurisdictions at rates between 3 and 8 percent, as provided for in O.C.G.A. § 48-13-50 *et seq*. The amount of the transient occupancy and/or excise tax is correctly calculated as a percentage of the total price each consumer occupant pays for their accommodations. (Said taxes hereafter referred to as "Excise Taxes" or "Occupancy Taxes").

20.

All of the Plaintiffs and members of Plaintiffs' proposed Plaintiffs' Class have enacted similar ordinances pursuant to O.C.G.A. § 48-13-50 *et seq.* imposing Occupancy Taxes on the short term rental of accommodations within their jurisdictions.

### *Rome Ordinances (For example)*

21.

Article VII, Section 8-228 of the Code of the City of Rome, Georgia imposes a tax of "eight percent of the rent for every occupancy of a guest room in a hotel in the city."

22.

Article VII, Section 8-226 defines "Rent" as "the consideration received for occupancy valued in money, whether received in money or otherwise, including all receipts, cash, credits and property or services of any kind or nature, and also the amount for which credit is allowed by the operator to the occupant, without any deduction therefrom whatsoever." (emphasis added).

23.

Article VII, Section 8-229 further provides that "(a) Every operator maintaining a place of business in the city and renting guest rooms in the city shall

collect a tax of <u>eight percent</u> on the amount of rent from the occupant," and that

"(b) Such operator shall provide a receipt to each occupant to whom the tax is

charged, <u>showing the amount of rent and the amount of all taxes by category</u>."

(Emphasis added).

**Hart County Ordinances (For example)**

24.

Similar to the Occupancy Tax imposed by the City of Rome, Hart County

imposes a "tax of five percent of the rent for every occupancy of a guest room in a

hotel in the unincorporated area of the county." Article VII, Section 78-192.

25.

Coinciding with the City of Rome's definition, Hart County defines

"Rent" as "<u>the consideration received for occupancy</u> valued in money, whether

received in money or otherwise, including all receipts, cash, credits, and property

or services of any kind or nature, and also the amount for which credit is allowed

by the operator to the occupant, <u>without any deduction whatsoever</u>." Article VII,

Section 78-191 (emphasis added).

***Liability for Taxes***

26.

The amount of Occupancy Tax that Hosts (and Defendants) are required to collect and remit to Plaintiff Class Members is independent of and in addition to any "sales and use" or other taxes required on lodging transactions.

27.

Under Georgia law, both the supplier of accommodations and the consumer of accommodations are liable for payment of Occupancy Taxes. O.C.G.A. §48-13-51 (a)(B)(i) and (ii).

28.

Hosts (and Defendants) are liable to the Plaintiffs and the Plaintiff Class for said Occupancy Taxes on the total amount collected for the short-term accommodations rental, whether they charge and collect said taxes from the occupier of the accommodations or not.

29.

In addition to the rental price of the accommodations, all Guests (except for enumerated exceptions) are also required to pay a tax. Georgia law defines the tax to be paid as "the debt of the person obtaining the room, lodging, or accommodation to the person or entity providing such room, lodging, or accommodation until it is

paid and shall be recoverable at law by the person or entity providing such room, lodging, or accommodation in the same manner as authorized for the recovery of other debts."   O.C.G.A. § 48-13-51 (a)(B)(ii).

### *Rental Transactions Conducted By Defendants*

30.

In each rental transaction with Defendants, the consumer ("Guest") contractually agrees with Defendants that Defendants will collect from the Guest, <u>at the time of booking the accommodation</u>, the applicable Occupancy Tax due for rental of the accommodation. Specifically, the Guest and Defendants agree:

a. "You may not use the Payment Services [of Defendants] except as authorized by United States law, the laws of the jurisdiction that is your country of residence, and any other applicable laws." Airbnb Payments, Inc. "Payment Terms of Service" §1.4;

b. "All applicable fees, including the Listing Fee, Security Deposit (if applicable), Guest Fee <u>and any applicable Taxes</u>[1] (collectively "**Total Fees**") will be presented to you prior to booking a Listing. You [Guest] agree to pay the Total Fees for any booking requested in connection with your Airbnb

---

[1] "Taxes" is a defined term which specifically includes occupancy taxes. Airbnb, Inc. "Terms of Service" §13.1

Account. Airbnb "Terms of Service" §8.1.1 (underline emphasis added);

c.  "Airbnb will collect the Total Fees at the time of the booking request." *Id.* §8.2;

d.  "Airbnb Payments will collect the Total Fees in the manner agreed between you [Guest] and Airbnb Payments via the Airbnb Platform." Airbnb Payments, Inc. "Payment terms of Service" §8.1.; and

e.  "Each Purchasing Member [Guest] acknowledges and agrees that, . . . Airbnb Payments acts as the Providing Member's [Host's] payment collection agent for the limited purpose of accepting payments from you on behalf of the Providing Member." *Id.* §9.3.

31.

Similarly, the Hosts, by contract, appoint Defendants as their agents for collection and remittance of Occupancy Taxes in jurisdictions which levy such taxes and Defendants assume the role as the Host's agents in the collection and remittance of Occupancy Taxes from consumers. The Defendants and Hosts agree:

a.  "You may not use the Payment Services [of Defendants] except as authorized by United States law, the laws of the jurisdiction that is your country of residence, and any other applicable laws." Airbnb Payments, Inc. "Payment Terms of Service" §1.4;

b. "Generally speaking, <u>Airbnb Payments will collect the Total Fees from a Guest at the time the Guest's booking request</u> is accepted by the host, or at any other time mutually agreed between the Guest and Airbnb Payments." *Id.* §7.1 (emphasis added);

c. "Members [registered users of the Airbnb platform] and third parties who offer services are "**Hosts**" and the services they offer are "**Host Services**" . . . Host Services may include the offering of vacation or other properties for use ("**Accommodations**") . . . ." Airbnb Terms of Service §1.1 (bold as in original);

d. "Each Member collecting payment for services provided via the Airbnb Platform (such as Host Services . . . ) hereby appoints Airbnb Payments as the Providing Member's [Host's] payment collection agent solely for the limited purpose of accepting funds from Members purchasing such services. Airbnb Payments, Inc. "Payment Terms of Service" §9.1; and

e. "Your [the Host's] Payout for a booking will be the Listing Fee less applicable Host Fees <u>and Taxes.</u>" *Id.* §7.2.3. (Emphasis added).

32.

As a result these contractual agreements, Defendants currently collect occupancy taxes from consumers and remit them to appropriate governments in

forty-eight (48) of the states of the United States, plus the District of Columbia, Puerto Rico and the U.S. Virgin Islands. *See* Defendants' web page setting forth the jurisdictions in which they collect and remit taxes attached as Exhibit "A" hereto.

33.

In addition to the above contractual agreements and obligations requiring the collection of taxes in every online transaction on the Airbnb platform, Defendants, pursuant to their contracts with Hosts, have the absolute and sole ability to collect and remit Occupancy Taxes from or on behalf of Guests or Hosts if a jurisdiction "asserts Airbnb or Hosts have an Occupancy Tax collection and remittance obligation." Airbnb "Terms of Service" §13.4.

34.

Plaintiffs have repeatedly asserted that Defendants and their Guests and Hosts are obligated to collect and remit Occupancy Taxes for accommodation rentals in Plaintiffs jurisdictions and demanded that Defendants collect and remit Occupancy Taxes to Plaintiffs. Yet, Defendants have failed and refused to collect and remit the Occupancy Taxes owed to Plaintiffs and the Plaintiff Class.

35.

By letter of February 10, 2015, counsel for Plaintiffs made demand upon Defendants that they collect and remit the applicable excise taxes due Plaintiffs and

the Plaintiff Class. A true and correct copy of counsel's February 10, 2015 letter to Airbnb is attached hereto as Exhibit "B". Defendants refused the demand.

36.

By letters of letters of January 27, 2017 and January 23, 2019, demand was again made upon Airbnb to fulfil, its excise tax collection and remittance obligations to Plaintiffs. *See* true and correct copies of said demand letters attached hereto as Exhibits "C" and "D" respectively. Defendants have never responded to either demand.

37.

Through contract and by being the sole contact between the owners of the accommodations and the consumers, Defendants have inserted themselves into the tax collection process and stepped into the shoes of the accommodation owners.

38.

By entering into agreements with both the owners of Georgia short-term rental accommodations and the consumers occupying such Georgia accommodations and representing that Defendants will collect and are collecting applicable Occupancy Taxes due on such rentals, Defendants are bound and required to actually collect and remit appropriate Occupancy Taxes to Plaintiffs and members of the Plaintiff Class.

## V.    PLAINTIFF CLASS ALLEGATIONS

### 39.

Plaintiffs respectfully request that the Court certify their claims as a class action.  This Complaint seeks relief for (1) Violation of O.C.G.A. § 48-13-50 *et seq*.; (2) Violation of county and municipal ordinances promulgated under O.C.G.A. § 48-13-50 *et seq*.; and (3) Violation of O.C.G.A. § 10-1-370 *et seq*. Further, Plaintiffs seek a declaratory judgment and injunctive relief requiring future compliance with the Occupancy Tax laws.

### 40.

Plaintiffs seek to certify a state-wide class of all Georgia cities, counties and governments who have enacted Occupancy Taxes on lodging.

### 41.

Plaintiffs bring this action pursuant to Rule 23 of the Federal Rules of Civil Procedure. The Class meets the prerequisites for the maintenance of a class action in that:

   a. The Class is so numerous that joinder of all Class members is impractical. Plaintiffs are informed and believe the practices complained of herein affect over one hundred counties and hundreds of municipalities and other government entities, although the exact

number and identities of the members of the Class are currently unknown to Plaintiffs, as the full scope and extent of the transactions within Georgia are not known [Georgia has 159 counties and over 600 cities];

b. Nearly all factual, legal, and statutory relief issues that are raised in this Complaint are common to each of the members of the Class and apply uniformly to every member of the Class;

c. The claims of the representative Plaintiffs are typical of the claims of each member of the Class. Plaintiffs, like all other members of the Class, sustain damages arising from Defendants' violations of law, including: (1) Violations of O.C.G.A. § 48-13-50 *et seq*.; (2) Violations of county and municipal ordinances promulgated under O.C.G.A. § 48-13-50 *et seq*.; and (3) Violations of O.C.G.A. § 10-1-370 *et seq*. The representative Plaintiffs and the members of the Class were and are similarly or identically harmed by the same unlawful, deceptive, unfair, systematic and pervasive pattern of misconduct;

d. The representative Plaintiffs will fairly and adequately represent and protect the interests of the Class. There are no material conflicts between the claims of the representative Plaintiffs and the members of

the Class that would make a class certification inappropriate;

e.   The counsel selected to represent the Class will fairly and adequately protect the interests of the Class. They are experienced trial lawyers who have experience in complex litigation, including class actions and issues of collection of occupancy taxes, and are competent counsel for this class action litigation. Counsel for the Class will vigorously assert the claims of all members of the Class.

f.   Counsel for the Class have been appointed as Class Counsel in City of Rome, et al vs, Hotels.com, et al., USDC, NDGA, Rome Division, Case No. 4:05-CV-249-HLM, a similar excise tax case.

42.

This action is properly maintained as a class action in that common questions of law and fact exist as to the members of the Class and predominate over any questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy, including consideration of:

a.   The interests of the members of the Class in individually controlling the prosecution or defense of separate actions;

b.   The extent and nature of any other proceedings concerning the

controversy already commenced by or against members of the Class;

c.  The desirability or undesirability of concentrating the claims in a single forum; and

d.  The difficulties likely to be encountered in the management of a class action.

43.

Class action status is also appropriate pursuant to Rule 23(b)(2) because Defendants have acted in the same illegal manner with respect to all class members. Defendants have failed to collect and remit appropriate Occupancy Taxes as required by law to all Georgia cities, counties and governments who have enacted Occupancy Taxes on lodging.

44.

The class therefore seeks a declaratory judgment and injunctive relief requiring future compliance with the Occupancy Tax laws. Because the putative class challenges Defendants' conduct through declaratory and injunctive relief that would apply the same relief to every member of the class, certification under Rule 23(b)(2) is appropriate and necessary.

45.

Injunctive relief compelling Defendants to comply with all applicable Occupancy Tax laws will similarly protect each member of the class from being subjected to Defendants' unlawful failure to pay Occupancy Taxes. A declaration finding Defendants' business practices unlawful and deceptive and injunctive relief requiring future compliance with the Occupancy Tax laws would provide relief to every member of the class. Therefore, declaratory and injunctive relief with respect to the class as a whole is appropriate.

46.

The Plaintiffs contemplate the eventual issuance of notice to the proposed class members which would set forth the subject and nature of the instant action. The Defendants' own business records and electronic media can be utilized for the contemplated notices. To the extent that any further notices may be required, Plaintiffs contemplate the use of additional media and/or mailings.

47.

Among the numerous questions of law and fact common to the Class are:

    a. Whether Defendants have committed violations of O.C.G.A. § 48-13-50 *et seq*. and ordinances enacted pursuant thereto;

    b. Whether Defendants have committed violations of O.C.G.A. § 10-1-370 *et seq*.;

- 20 -

c.  Whether Plaintiffs and the Plaintiff Class are entitled to injunctive relief;

d.  The appropriate remedy for the Plaintiff Class; and

e.  Whether, and in what amount, the Plaintiff Class members are entitled to recover court costs and attorneys' fees.

## VI.        CAUSES OF ACTION

### COUNT I: VIOLATIONS OF GEORGIA'S EXCISE TAX ON ROOMS, LODGINGS, AND ACCOMMODATIONS (O.C.G.A. § 48-13-50 *et seq.*)

48.

Plaintiffs incorporate each of the above allegations by reference as if fully rewritten herein.

49.

Plaintiffs and Class members are counties and municipalities, which are "authorized to levy certain excise taxes" and to pursue the collection of such taxes pursuant to O.C.G.A. § 48-13-50 *et seq*.

50.

Defendants have failed to collect and remit to Plaintiffs and the Class the amounts due and owing to them for Occupancy Taxes. For example, pursuant to

Article VII, Chapter 8, Section 228 of the Codified Ordinances of the City of Rome; Article VII, Chapter 78, Section 192 of the Codified Ordinances of Hart County; and all other similar ordinances, Plaintiffs and the Class are entitled to collect from Defendants the Excise Taxes owed and penalties and interest to be determined by and in accordance with these city and county ordinances.

51.

Defendants have further violated, and are currently violating, Georgia laws and ordinances by failing to properly identify, categorize, and quantify the Occupancy Taxes actually due and/or being paid by the occupant during accommodation purchasing transactions.

## COUNT II: VIOLATION OF GEORGIA'S UNIFORM DECEPTIVE AND UNFAIR TRADE PRACTICES ACT

52.

Plaintiffs incorporate each of the above allegations by reference as if fully rewritten herein.

53.

By entering into agreements with both the owners of Georgia short-term rental accommodations and the consumers occupying such Georgia accommodations and representing that Defendants will collect and are collecting

applicable Occupancy Taxes due on such rentals, and further actually collecting and remitting such taxes in virtually every other taxing jurisdiction in the nation other than Georgia,[2] Defendants have created and will continue to create confusion regarding the payment of taxes in the Georgia short-term rental market.

54.

Defendants engage in deceptive, unlawful, unfair, and fraudulent business acts and practices by misrepresenting to consumers and owners that Defendants are displaying and collecting Occupancy Taxes, which in fact Defendants do not display or collect.   Defendants have created (and will continue to create) the likelihood of confusion with respect to the Occupancy Taxes due to the Plaintiff government recipients and the taxes being paid by lodging room consumers and owners.

55.

By engaging in the above-described acts and practices, Defendants have committed one or more acts of conducting consumer transactions in a deceptive, and unlawful manner within the meaning of O.C.G.A. § 10-1-372. Specifically, Defendants violated subsection 12 of that section, which makes unlawful "any other

---

[2] According to the Airbnb website, Hawaii is the only other jurisdiction besides Georgia for which Defendants are not actually collecting and remitting taxes from consumers. *See*, Exhibit "A" attached hereto.

conduct which similarly creates a likelihood of confusion or of misunderstanding."

56.

Plaintiffs individually and on behalf of the Class seek a declaratory judgment declaring Defendants' business practices illegal, deceptive, and unlawful and for restitution and all other relief allowed under Georgia law.

57.

The Georgia UDTPA is expressly intended to protect "persons" from potentially confusing or deceptive trade practices. The Georgia UDTPA expressly defines "persons" as follows: "'Person' means an individual, corporation, government, or governmental subdivision or agency, business trust, estate, trust, partnership, unincorporated association, two or more of any of the foregoing having a joint or common interest, or any other legal or commercial entity." (emphasis added). Thus, Plaintiffs are "persons" "likely to damaged" by Defendants' ongoing deceptive trade practices and ongoing deficient remittance of taxes.

58.

As provided by O.C.G.A. § 10-1-371, Plaintiffs and the Class seek an injunction against Defendants "under the principles of equity and on terms that the court considers reasonable. Proof of monetary damage, loss of profits, or intent to deceive is not required."

59.

Defendants have willfully engaged in the trade practice knowing it to be deceptive. Pursuant to O.C.G.A. § 10-1-373 (b)(2), Plaintiffs are entitled to recover their reasonable attorneys' fees and expensed incurred herein.

## COUNT III: DECLARATORY JUDGMENT

60.

Plaintiffs incorporate each of the above allegations by reference as if fully rewritten herein.

61.

Defendants have engaged in, and continue to engage in, deceptive, unlawful, and fraudulent business acts and practices, in violation of O.C.G.A. §§ 10-1-370 *et. seq.*, and 48-13-50 *et seq.* by failing to remit taxes due and owing to the Plaintiffs and the Plaintiff Class, and by creating the likelihood of confusion and misunderstanding by unlawfully failing to identify and categorize the specific taxes being collected and paid.

62.

Plaintiffs, on behalf of the Class, seek a declaratory judgment against all Defendants finding Defendants' business practices unlawful and deceptive in violation of O.C.G.A. §§ 10-1-370 *et. seq.* and 48-13-50 *et seq.*

63.

Further, Plaintiffs and the Class seek a declaratory judgment from the Court asking it to declare the rights and obligations of the Defendants with respect to the Plaintiffs relating to their tax obligations under the Georgia code sections cited herein and under related county and city ordinances.

64.

A justiciable controversy is stated herein concerning Excise Tax liability. Such a declaratory judgment is proper under O.C.G.A. § 9-4-1 *et seq.* and 28 U.S.C. §2201.

## COUNT IV: INJUNCTIVE RELIEF

65.

Plaintiffs request that the Court enjoin Defendants from further, future violation of the all applicable Occupancy Tax laws and that Defendants be ordered to: (1) collect said taxes from the public to whom they sell accommodations; (2) identify, categorize and quantify to the required governmental entities the taxes due and being paid (3) and remit the taxes due to Plaintiffs and Plaintiff Class Members.

## COUNT V: ATTORNEYS FEES

66.

Plaintiffs respectfully request, on behalf of themselves and the Class, that they recover all penalties, interest, and reasonable and necessary attorneys' fees they are entitled pursuant to O.C.G.A. §10-1-373 (b)(2).

67.

Plaintiffs respectfully request expenses of litigation to be paid by Defendants pursuant to O.C.G.A. § 13-6-11, because "Defendants have acted in bad faith, been stubbornly litigious, and caused the Plaintiffs unnecessary trouble and expense.

68.

Plaintiffs and the Plaintiff Class request both prejudgment and post-judgment interest at the maximum rate allowed by law.

## PRAYER FOR
## RELIEF

**WHEREFORE**, Plaintiffs, on behalf of themselves and the Plaintiff Class, request the following relief, and pray for the following judgment in their favor against Defendants:

      i.    An order certifying this case as a class action against Defendants and appointing the named Plaintiffs and the undersigned counsel as

Representative of the Plaintiff Class;

ii.   For judgment against Defendants and in favor of Plaintiffs and the Class on all claims asserted in this Complaint;

iii.   For costs of suit incurred herein;

iv.   For prejudgment and post-judgment interest to the extent allowed by law;

v.   For penalties as allowed by law;

vi.   For declaratory judgment determining Defendants' business practices to be illegal, deceptive, unfair, and unlawful business practices;

vii.   For injunctive relief requiring Defendants' future compliance with the Excise Tax laws;

viii.   For reasonable attorneys' fees and expenses of litigation incurred herein

ix.   For such other and further relief as this Court may deem appropriate.

Plaintiffs hereby demand trial by jury on all issues.

Respectfully submitted this 31st day of January, 2020.

**BRINSON, ASKEW, BERRY, SEIGLER, RICHARDSON & DAVIS, LLP**

P.O. Box 5007
Rome, GA 30162-5007
Phone:  706.291.8853
Facsimile:  706.234.3574
adavis@brinson-askew.com
fbeacham@brinson-askew.com
slucas@brinson-askew.com
lcarter@brinson-askew.com
smartin@brinson-askew.com

*/s/ J. Anderson Davis*
J. ANDERSON DAVIS
Georgia Bar No. 211077
*/s/ A. Franklin Beacham III*
A. FRANKLIN BEACHAM III
Georgia Bar No. 043743
*/s/ Samuel L. Lucas*
SAMUEL L. LUCAS
Georgia Bar No. 142305
*/s/ Lee B. Carter*
LEE B. CARTER
Georgia Bar No. 595903
*/s/ Sarah C. Martin*
SARAH C. MARTIN
Georgia Bar No. 440539

**LAMAR ARCHER & COFRIN, LLP**

260 Peachtree Street NW
Suite 2700
Atlanta, GA 30303
Phone:  404.577.1777
Facsimile: 404.419.2978
rclamar@laclaw.net

*/s/ Robert C. Lamar*
ROBERT C. LAMAR
Georgia Bar No. 431175

**ARCHER & LOVELL, P.C.**

P.O. Box 1024
Cartersville, GA 30120          */s/ David G. Archer*
Phone:  770.386.1116            DAVID G. ARCHER
Facsimile:  770.382.7484        Georgia Bar No. 021100


**THE GORDON LAW FIRM**

P.O. Box 870
Hartwell, GA 30643              */s/ Walter J. Gordon*
Phone:  706.376.5418            WALTER J. GORDON
Facsimile: 706.376.5416         Georgia Bar No. 302488

                                *Attorneys for Plaintiffs*